## El Pueblo v. de Jesús.

Apelación procedente de la Corte de Distrito de Guayama.

No. 467.—Resuelto en diciembre 5, 1912.

Derecho Penal—Delito Contra la Seguridad Pública—Chauffeur de un Automóvil—Actos Negligentes.—Examinada la prueba en el caso de autos, *se resolvió,* que habían sido demostrados los actos negligentes del acusado, consistentes en ir ebrio y en caminar por la izquierda en vez de tomar su derecha al encontrarse con el coche en cuestión.

Id.—Conductores de Vehículos—Uso de Bebidas Alcohólicas.—Aunque nada. se dispone en la ley de carreteras, ni en el reglamento de automóviles en relación con el uso de bebidas alcohólicas por parte de los conductores de vehículos, teniendo en cuenta el efecto que tales bebidas causan en los sentidos y en las facultades intelectuales y morales de las personas, puede concluirse que el conductor que toma tales bebidas en exceso, incurre en negligencia en el fiel cumplimiento de los deberes de su cargo.

ID.—VELOCIDAD DEL AUTOMÓVIL—USO DE LA VOCINA.—La velocidad a que camina el automóvil y el no uso de la bocina, son circunstancias que pueden tomarse en consideración en casos de esta naturaleza.

ID.—MARCHA DEL AUTOMÓVIL POR LA IZQUIERDA DEL CAMINO.—La sección 12 de la ley No. 41 de marzo 10, 1910, exige a los conductores de vehículos que al encontrarse en un camino público marchen arrimándose a su respectivo lado derecho, y en el caso de autos, si el acusado hubiera cumplido con esta disposición, hubiera evitado el choque del cual, por consiguiente, es responsable.

Los hechos están expresados en la opinión.

La parte apelante no compareció.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Guayama formuló acusación contra José de Jesús, imputándole la comisión del hecho de haber dejado chocar un automóvil que guiaba, por negligencia y descuido en el manejo del mismo, con un coche, ocasionando grave daño a Francisco López, conductor del coche, y a Rafael Aponte, Federico Alvarez y Pedro Villamil, pasajeros del automóvil.

El acusado hizo la alegación de no culpable y solicitó juicio por jurados. El 18 de octubre de 1911, se celebró la vista y el jurado declaró culpable al acusado del delito contra la salud y seguridad pública que se le imputó, con circunstancias atenuantes. El 21 de octubre, la corte dictó su sentencia imponiendo al convicto la pena de dos años de cárcel, y, contra esa sentencia, se interpuso el presente recurso de apelación.

El artículo 328 del Código Penal, comprendido en el Título XIV que trata de los delitos contra la salud y seguridad pública, entre otros particulares, prescribe, que todo conductor encargado en todo o en parte de un automóvil dedicado al transporte ordinario de carga o pasajeros, que por impericia, negligencia o descuido dejare o hiciere chocar dicho automóvil con otro objeto o cosa ocasionando de este modo la muerte o daño de una persona, incurrirá en pena de cárcel por un término máximo de dos años o presidio por un

término de seis meses a diez años, según su gravedad. (Leyes de 1908, pág. 58.)

Tal es la ley reguladora de este caso. Veamos si ha sido o nó aplicada rectamente.

El apelante no compareció al acto de la vista del recurso, ni presentó alegato por escrito en apoyo del mismo. La base que tenemos para formular nuestro dictamen consiste en la acusación, las instrucciones y las pruebas hechas constar en una exposición del caso preparada y certificada por el juez sentenciador.

Hemos estudiado cuidadosamente dichos documentos y a nuestro juicio la acusación y las instrucciones son correctas y la prueba sostiene el veredicto de culpabilidad.

Con respecto a los extremos de ser el acusado el que quiaba el automóvil, de haber chocado con el coche y de haber resultado heridos el cochero y los pasajeros del automóvil, la prueba de cargo no fué contradicha por la de descargo.

Con respecto a los actos negligentes del acusado, la prueba resultó contradictoria, contradicción que fué resuelta por el jurado en contra del apelante en este caso.

Dichos actos negligentes consistieron en ir el acusado ebrio, en conducir el automóvil a gran velocidad, en no tocar la bocina y en caminar por la izquierda en vez de tomar su derecha al encontrarse con el coche.

Nada se dispone en la ley de carreteras, ni en el reglamento de automóviles en relación con el uso de bebidas alcohólicas por parte de los conductores de vehículos. Pero es bien sabido el efecto que tales bebidas causan en los sentidos y en las facultades intelectuales y aun morales de las personas, y cuando aquella que tiene el deber de guiar una máquina que viaja por caminos públicos, acto que requiere el ejercicio de los sentidos y en cierto modo de las facultades intelectuales y morales, toma tales bebidas en exceso embotando voluntariamente sus sentidos y perturbando sus facultades, puede concluirse que ha sido descuidada en el fiel cum-

plimiento de los deberes de su cargo. La prueba del Fiscal en este caso demuestra que el conductor del automóvil estaba completamente ébrio.

La velocidad a que camine la máquina y el no uso de la bocina, pueden tomarse en consideración en casos de esta naturaleza. La prueba del Fiscal en cuanto al primer extremo sólo demuestra que el automóvil marchaba a gran velocidad, pero sin que pueda precisarse si era mayor que la autorizada por la ley, y en cuanto al segundo, de la misma prueba se deduce que el conductor no estaba necesariamente obligado a ir tocando la bocina pues el choque no ocurrió en una curva, o en un sitio en que el camino se cruzara con otro, sino en un trozo recto de la carretera.

En cuanto al acto de no haber tomado su derecha el acusado, la prueba de cargo demuestra claramente que el acusado caminaba por su izquierda y que el choque ocurrió en tal lado del camino. Si el acusado hubiera cumplido con la ley (sec. 12 de la ley núm. 41; leyes de 1910, pág. 135), no hubiera ocurrido el choque, ni se hubieran causado los daños que se ocasionaron.

De tal choque y de los daños resultantes del mismo es, pues, responsable el acusado, por negligencia y descuido en el manejo de la máquina que se le había confiado, y la sentencia que así lo declara no infringe la ley y debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.